UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER BELLI,<br><br>                Plaintiff,<br><br>v.<br><br><br>ALLIED HOME MORTGAGE CAPITAL CORPORATION and JIM HODGE,<br><br>                Defendants. | **NOTICE OF REMOVAL**<br>DOCKET NO. 10-11766 |

TO: The Honorable Judges of the
United States District Court
District of Massachusetts

Petitioner, Allied Home Mortgage Capital Corporation ("Allied"), Defendant in the above-entitled action, states:

1. Defendant desires to exercise rights under the provisions of 28 U.S.C. § 1141, *et seq.*, to remove this action from the Superior Court of the Commonwealth of Massachusetts, Worcester County, in which said cause is now pending under the name and style Peter Belli v. Allied Home Mortgage Capital Corporation and Jim Hodge, Civil Action No. WOCV 2010-1827D. Allied has not yet been served with the Summons and Complaint. Nonetheless, Allied has obtained a copy of the Complaint through unofficial means, a copy of which is attached hereto as <u>Exhibit A</u>.

2. The above-described action is one in which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one why may be removed to this court by the Defendant, pursuant to the provisions of 28 U.S.C. § 1441, wherein it is a civil

action wherein the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs, and is between citizens of different states.

3. Plaintiff, Peter Belli, in the above-described action as filed in the Superior Court of the Commonwealth of Massachusetts, Worcester County, is seeking more than $75,000.00 from Defendants.

4. Plaintiff, at the time this action was commenced, was and still is a citizen of the Commonwealth of Massachusetts. Defendant, at the time this action was commenced, was and still is a corporation organized under the laws of the State of Texas, with a principal place of business in Houston, Texas, and was not and is not a citizen of the Commonwealth of Massachusetts, the residence of the Plaintiff and wherein this action was brought.

5. Defendant Allied is filing this Notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446. In fact, as noted, Allied has not yet been served.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Worcester Superior Court of the State of Massachusetts.

7. Jim Hodge, the only other Defendant in this action, has given his assent to Allied's filing of this Notice of Removal.

        Respectfully submitted,

        ALLIED HOME MORTGAGE CAPITAL
        CORPORATION,

        By its attorneys,

        /s/ Diane M. Saunders
        Diane Saunders, Esq.
        B.B.O. #562872
        M. Amy Carlin, Esq.
        B.B.O. #648336
        MORGAN, BROWN & JOY, LLP
        200 State Street, 11th Floor
        Boston, MA 02109-2605
        (617) 523-6666
        dsaunders@morganbrown.com
        acarlin@morganbrown.com

Dated: October 15, 2010

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 15, 2010.


/s/ Diane M. Saunders
Diane M. Saunders

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
DOCKET NO. 10-1827

| | |
|---|---|
| PETER BELLI ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| Vs. ) | |
| ) | |
| ALLIED HOME MORTGAGE CAPITAL ) | |
| CORPORATION and JIM HODGE ) | |
| ) | |
| Defendants ) | |
| ) | |

## VERIFIED COMPLAINT AND JURY DEMAND

I. **SUMMARY**

The present claim involves the non-payment of wages pursuant to the Massachusetts Wage Claim Act, Massachusetts General Laws chapter 149, s 150, and chapter 151, s. 1B and 20, and the resulting pain, suffering and emotional distress, which caused serious physical and monetary damages to the Plaintiff, Peter Belli. The Plaintiff, Peter Belli alleges that the Defendants, Allied Home Mortgage Capital Corporation and its' President, Jim Hodge, violated the Massachusetts Wage Claim Act and caused him emotional distress.

Jurisdiction of this Court is conferred, based upon the location of the Plaintiff in Worcester County and the Plaintiff seeks damages for his financial, physical and emotional loss exceeding $25,000.00.

## II. PARTIES

1. Plaintiff, Peter Belli, (hereinafter "Belli") is an individual who resides at 23D Country Club Lane, Milford, Massachusetts 01757.

2. Defendant, ALLIED HOME MORTGAGE CAPITAL CORPORATION, (hereinafter " Allied") has a principal place of business is located at 6110 Pinemont Drive, Suite 215, P.O. Box 924527, Houston, TX 77292-4527. Allied is engaged in the business of mortgage loan origination.

3. Defendant, JIM HODGE, is the President and Chief Executive Officer of Allied Home Mortgage Capital Corporation, and also serves on its Board of Directors. Mr. Hodge has a principal place of business at 6110 Pinemont Drive, Suite 215, P.O. Box 9245627, Houston, TX 77292-4527. Mr. Hodge has the management of Allied and resides in Houston, Texas.

## III. INTRODUCTION

4. On October 1, 1998, Belli was hired as a branch manager by Allied from the main corporate office in Houston, Texas to work in the Milford, Massachusetts branch located at 189 Main Street, Milford, Massachusetts. Although Belli started with a single branch in Milford, Massachusetts, during his nine years of employment with Allied, Belli started and managed six

different Allied branches, including Milford and Foxboro, Massachusetts; Cranston, Rhode Island; Weirton, West Virginia; Scottsdale, Arizona; and Kansas City, Missouri.

5. The Milford Office became the number one producer for Allied by 2003. Jeannie Stell was the Executive Vice President of Allied and was responsible for directing the branch managers to insure compliance with Allied's guidelines, HUD guidelines and any other governmental rules with which Allied had to comply.

6. Belli was paid by W-2 salary plus commissions and expenses.

7. Allied abruptly terminated and closed the Milford, Massachusetts and Foxboro, Massachusetts offices on or about August 23, 2007.

8. On November 15, 2005, Allied issued a payroll check to Belli in the amount of $18,657.89. (Exhibit 1). After the termination, Belli attempted to withdraw funds against the check, the check was returned as stale and Allied has refused to honor the check that was for W-2 wages. Belli also has checks from Allied that are stale in the amount of $874.14 that Allied refuses to honor.

9. Belli also has a total of $378,855.85 unreimbursed expenses that is owed to him.

10. Allied has never made an offer to go to arbitration on these matters.

11. Shortly after the termination, Belli, through counsel, filed a Complaint for the non-payment of wages with the Office of the Attorney General of the Commonwealth of Massachusetts.

12. Belli received a Right to Sue letter from the Commonwealth of Massachusetts Office of the Attorney General on February 12, 2009. (See Exhibit 2).

13. Belli has suffered substantially, both emotionally and financially.

14. Allied abruptly and deliberately stopped paying Belli in August of 2007, even though Belli was still owed $398,387.88.

## COUNT I

**(Violation of M.G.L. chapter 149, sec 150 and chapter 151, s. 1B and 20 / Belli v. Allied and Hodge)**

15. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 14, above as if set forth fully herein.

16. Plaintiff was employed by Allied and Hodge and reasonably relied upon Allied's written, stated and implied contract that it would pay the monies he had earned from his work as a loan officer and branch manager.

17. Allied and Hodge failed to make payments to Belli and ignored Belli's request for payment.

18. As a result thereof, the Plaintiff has suffered damages in the amount of $398,387.88 plus interest, treble damages, costs and attorneys' fees.

## COUNT II

**(Intentional/Negligent Infliction of Emotional Distress/Belli v. Allied and Hodge)**

19. The Plaintiff, Belli, repeats, realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18, as if fully set forth herein.

20. At all relevant times hereto, Allied and Hodge's actions towards Belli were extreme and outrageous towards Belli, done in retaliation for Belli's filing of a complaint with the Office of the Attorney General of the Commonwealth of Massachusetts, caused Belli severe emotional distress and physical illnesses.

21. As a direct and proximate result of the severe emotional distress caused by Allied and Hodge, Belli suffered physical injuries.

**WHEREFORE,** the Plaintiffs, prays that this Honorable Court:

A. Award Plaintiff damages against Allied in the amount of $1,500,000.00 for violation of Massachusetts General Laws chapter 149, s. 150 and chapter 151, s. 1B and 20 for loss of wages plus interest, trebled (Count I & II).

B.  Award Plaintiff damages against Hodge in the amount of $1,500,000.00 for violations of Massachusetts General Laws chapter 149, s. 150 and chapter 151, s. 1B and 20 for loss of wages plus interest trebled. (Count I & II)).

C.  Award interest, costs and attorney fees to the Plaintiff pursuant to M.G.L. chapter 149, s. 150 and chapter 151, s. 1B and 20 (Count I & II)).

D.  Award Plaintiffs such other relief as this court deems just and proper.

**PLAINTIFFS HEREBY MAKE CLAIM FOR A TRIAL BY JURY ON ALL CLAIMS ASSERTED OR HEREAFTER ASSERTED IN THE COMPLAINT, AND OF ALL DEFENSES ASSERTED OR HEREAFTER ASSERTED BY ANY DEFENDANT.**

Peter Belli

**THE PLAINTIFF**
Pro Se,

_____
Peter Belli, Pro Se
23D Country Club Lane
Milford MA 01757
Tel: (508)-878-9000