UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER BELLI,<br>    Plaintiff,<br><br>v.<br><br>ALLIED HOME MORTGAGE<br>CAPITAL CORP., JIM HODGE<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 10cv11766-NG |

GERTNER, D.J.:

## MEMORANDUM AND ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
July 25, 2011

In 2007, defendant Allied Home Mortgage Capital Corporation ("Allied") filed suit in a related case (Allied v. Belli, 07-cv-11597-NG) (hereinafter referred to as Belli I) against its former employee plaintiff, Peter Belli ("Belli"), and Belli's company Regency Services Company, Inc. ("Regency"), for the return of various business-related items and damages resulting from misrepresentations Belli had made to Allied. Belli I, Am. Compl. (document #21). On November 6, 2008, Belli counterclaimed against Allied and its president Jim Hodge ("Hodge"), alleging nine counts arising out of Belli's employment for Allied, through which Belli sought to recover from Allied unpaid income, commission, and expense reimbursements allegedly due to him for his service as a manager of six Allied branch offices. Belli I, Am. Answer & V. Countercl. ¶¶ 1, 7-8, 10, 20, 25-26, 28-30, 32-73 (document #83). Belli did not bring any of these claims pursuant to the Massachusetts Wage Act, Mass. Gen. Laws. ch. 149, § 150, and Mass. Gen. Laws. ch. 151, §§ 1B & 20. Rather, he grounded his claims in various common law causes of action; Mass. Gen. Law. ch. 93A, §§ 9, 11; and the Federal Trade Commission Act.

For over two years, Belli and Regency employed deceptive and dilatory practices that derailed the case and wasted judicial resources. See Belli I, Mem. & Order Re Mots. Regarding Damages. Accordingly, on September 29, 2009, I entered default judgment in favor of Allied and struck Belli's Verified Counterclaim against Allied and Hodge, dismissing Belli's claims on the merits and with prejudice. See Belli I, Elec. Order Entering Default J. Against Peter Belli, 9/22/2009; Belli I, Default J. Against Peter Belli (document # 198); Belli I, Final Judgment Against Belli (document #324); see also Fed. R. Civ. P 41(b).

In the present case (hereinafter referred to as Belli II), Belli doggedly tries to breathe new life into claims that he previously made against his former employer in his Belli I Counterclaim. Specifically, Belli now asserts that Allied and Hodge: (1) violated the Massachusetts Wage Act by improperly withholding $398,387.88 owed to Belli (Count I); and (2) intentionally or negligently inflicted emotional distress on Belli by withholding this money (Count II). Belli II, Compl. (document #6). Defendants now move for summary judgment on the basis of res judicata. The doctrine of res judicata applies when the following three elements are satisfied: (1) a final judgment on the merits in an earlier action; (2) sufficient identity between the parties in the two suits; and (3) sufficient identity between the causes of action asserted in the earlier and later suits. Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996) (citing Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995)).

Here, all three res judicata elements are satisfied. First, there is a final judgment on the merits against Belli in Belli I. Belli I, Final Judgment Against Belli; see Fed. R. Civ. P 41(b); Semtek Int'l v. Lockheed Martin Inc., 531 U.S. 497, 506-19 (2001); Kobrin v. Board of Registration in Med., 444 Mass. 837 (2005). Second, despite a reversal of roles and the

elimination of Regency in Belli II, the parties have remained the same in both cases.  Finally, the same underlying transactions and occurrences that gave rise to some of Belli's counterclaims in Belli I -- namely, allegations of withheld payroll funds and expense reimbursements -- animate the wage claims Belli now asserts in Belli II.  For instance, in Count I of his Belli I Counterclaim, Belli charged Allied and Hodge with breach of contract for failing to pay Belli his net income and expenses.  Am. Third Party Compl. ¶¶ 35-42 (document #100).  And, in Count V of his Belli I Counterclaim, Belli alleged that Hodge and Allied were unjustly enriched by failing to pay Belli his income and reimburse him for his expenses  Id. at ¶¶ 53-56.  In the instant action, Belli similarly complains that he "he has a total of $378,855.85 unreimbursed expenses that is [sic] owed to him" and that, "on November 15, 2005, Allied issued a payroll check to Belli in the amount of $18,657.89," then, after Belli was fired, he "attempted to withdraw funds against the check" but "the check was returned as stale and Allied has refused to honor the check."  Belli II, Compl. ¶¶ 8, 9.

Belli had ample opportunity to raise his current wage claims in Belli I.  On February 12, 2009, Belli received a "Right to Sue" letter from the Commonwealth of Massachusetts Office of the Attorney General, which permitted him to file suit against Allied for alleged non-payment of wages pursuant to the Massachusetts Wage Act.  On July 8, the Belli I Court granted Allied's Motion for Summary Judgment on the issue of whether Belli was an employee or franchise. Finding that Belli was an employee, this Court noted that Belli had represented himself as an employee in his wage claim filed with the Attorney General.  Despite the obvious relevance to Belli I of the alleged wage claims he had identified for the Attorney General, Belli never amended his Belli I counterclaims to include a Massachusetts Wage Act cause of action.  The

only reason Belli offers for his failure to do so is that he "was then embroiled in a discovery dispute" and thought "it was unlikely that Allied would consent to an amendment or that this [C]ourt would grant it." Belli II, Pl.'s Counter Statement of Facts ¶10 (document #15-1). That is far from a sufficient explanation and surely does not provide Belli immunity from the doctrine of res judicata. As I have said many times before, Belli was given numerous opportunities to show that he wanted to adjudicate the merits of his and Allied's claims in Belli I, but he squandered those opportunities. Accordingly, defendants' Motion for Summary Judgment (**document #7**) is **GRANTED**, rendering Belli's Motion for Summary Judgment (**document #15**) and Allied's Motion For An Extension of Time to Oppose Belli's Cross-Motion for Summary Judgment (**document #18**) **MOOT**.

**SO ORDERED.**

**Date: July 25, 2011**         */s/ Nancy Gertner*
                                **NANCY GERTNER, U.S.D.C.**